# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
ANTHONY RAGUSA,                        *
                                       *   No. 14-032V
                Petitioner,            *   Special Master Christian J. Moran
v.                                     *
                                       *   Filed: February 18, 2016
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *   Attorneys' fees on interim basis
                                       *
                Respondent.            *
* * * * * * * * * * * * * * * * * * * *
```

Mark L. Krueger, Krueger & Hernandez, S.C., Baraboo, WI, counsel for petitioner; Justine E. Walters, United States Dep't of Justice, Washington, D.C., for respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS**[1]

    Anthony Ragusa ("Petitioner") alleges that that he developed transverse myelitis as a result of receiving an influenza vaccination. While his case remains pending, Mr. Ragusa filed a motion for an award of attorneys' fees and costs on an interim basis. He is awarded **$34,445.47**.

    After filing his case, Mr. Ragusa submitted medical records. A fact hearing for the determination of onset was held on April 9, 2015 and the undersigned issued a Ruling Finding Facts on September 18, 2015. Since the Ruling Finding Facts, petitioner's counsel has indicated that he will be withdrawing from the case and Mr. Ragusa wishes to proceed with his claim.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

The Secretary's primary objection to the petitioner's motion is that an award of interim fees and costs is not appropriate. The Secretary argues that Mr. Ragusa does not satisfy the factors that might warrant an interim award listed in Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).[2] This argument is not persuasive. Mr. Ragusa's case has been pending long enough with a sufficiently large amount of attorneys' fees to become eligible for an award of attorneys' fees and costs on an interim basis.

The Secretary's secondary objection concerned the amount Mr. Ragusa requested. The petitioner has agreed to request $33,892.63. The Secretary, in turn, does not object to an award in this amount, although the Secretary maintained her objections regarding the appropriateness of any award of attorneys' fees and costs on an interim basis. Respondent has indicated no objection to the $552.84 in costs incurred by Mr. Ragusa personally. The undersigned finds $34,445.47 to be a reasonable amount for all attorneys' fees and costs incurred.

There is no just reason to delay the entry of judgment on interim attorneys' fees and costs. Mr. Ragusa is awarded **$34,445.47** in attorneys' fees and costs. This shall be paid as follows:

   a. **A lump sum payment of $33,892.63, in the form of a check made payable jointly to petitioner and petitioner's attorney, Mark Krueger, of Krueger & Hernandez, S.C., for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

   b. **A lump sum of $552.84, payable to petitioner, Anthony Ragusa, for costs incurred in pursuit of his petition.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

Any questions may be directed to my law clerk, Shannon Proctor, at (202) 357-6360.

---

[2] The Secretary, however, did not argue that the Mr. Ragusa's case lacked a reasonable basis.

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master