# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| ANTHONY RAGUSA, * | |
| * | No. 14-32V |
| Petitioner, * | Special Master Christian J. Moran |
| * | |
| v. * | |
| * | Filed: September 7, 2017 |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | Dismissal decision; |
| * | Statute of limitations; |
| Respondent. * | 42 U.S.C. § 300 aa-16(a)(2). |

* * * * * * * * * * * * * * * * * * * *

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Anthony Ragusa filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300a-10 through 34 (2012) on January 15, 2014. The petition alleged that he suffered from transverse myelitis as a result of the influenza ("flu") vaccination he received on November 30, 2010. Mr. Ragusa cannot prevail because he filed the petition outside of the statute of limitations of the Vaccine Act.

## I.  Procedural History

Represented by an attorney, Mark Kreuger, Mr. Ragusa filed a petition on January 15, 2014. Mr. Ragusa alleged that he suffered transverse myelitis caused-in-fact by the flu vaccine he received on November 30, 2010. Petition at 1. Mr. Ragusa stated that on January 22, 2011, he presented to the hospital with "shakes, night sweats, barely able to walk, itchiness, tingling in waist, groin, legs, headaches, side, back and leg pain, no balance and energy." Petition. Mr. Ragusa filed medical records over the next few months, as required by 42 U.S.C. § 300aa-

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

11(c).  The respondent filed a status report requesting additional medical records to support onset as well as to complete the record.  Resp't's Status Rep., filed May 29, 2014.  Petitioner amended his petition to state that his symptoms of transverse myelitis began in mid-January 2011.  See Am. Pet., filed   Additional medical records were obtained over the next several months and filed September 8, 2014, completing the record.

Respondent filed a combined Rule 4 report and motion to dismiss on October 31, 2014.  In this report, respondent did not dispute the diagnosis of transverse myelitis but asserted that the medical records indicated that the claim was barred as untimely filed.  Resp't's Rep't, filed Oct. 31, 2014, at 2.  Respondent argued that while the amended petition alleged symptoms of transverse myelitis that began January 15, 2011, the medical records documented an earlier onset.  Id. 8-9.  A status conference was held on December 2, 2014, to discuss respondent's report and motion to dismiss.  The resulting order required petitioner to file affidavits regarding onset of symptoms and any additional affidavits.  See order, filed Dec. 2, 2014.

Petitioner filed his affidavits.  Exhibits 12, 13.  During the ensuing status conference, the parties agreed that an onset hearing was needed.  Order, filed Jan. 22, 2015.  An onset hearing was held on April 9, 2015.  The primary issue was when Mr. Ragusa first started to suffer symptoms associated with transverse myelitis.  Mr. Ragusa and an additional witness appeared via videoconference.  Following the hearing, petitioner filed additional fact evidence and medical records to support his claim.  Exhibits 23-37.  The parties filed proposed findings of fact over the next few months.

The undersigned issued Findings of Fact.  The undersigned found that Mr. Ragusa's painful urination, numbness, and pain in his legs began around January 4, 2011, around January 8, 2011, and on January 16, 2011 respectively.  Ragusa v. Sec'y of Health & Human Servs., No. 14-32V, 2015 WL 6150880, at *2-3 (Fed. Cl. Spec. Mstr. Sept. 18, 2015).  During the ensuing status conference to discuss these findings, petitioner stated that a neurologist was being consulted regarding an alternate cause for the symptoms and that an equitable tolling argument would be considered if the painful urination was found to be due to transverse myelitis.  Order, filed Oct. 6, 2015.

On November 4, 2015, petitioner filed a status report indicating that an expert report would not be filed and next steps were being considered.  Mr. Kreuger then informed the undersigned that he would be withdrawing from the

case and Mr. Ragusa wished to proceed with another attorney or pro se.  Pet'r's Status Rep., filed Nov. 17, 2015.  A status conference was held on December 2, 2015, during which Mr. Ragusa, Mr. Kreuger, and respondent participated.  The undersigned discussed Mr. Ragusa's options in light of Mr. Kreuger's intention to withdraw.  Mr. Ragusa expressed his intent to proceed pro se to which the respondent stated he may challenge reasonable basis going forward.  Order, filed Dec. 4, 2015.

On April 21, 2016, Mr. Kreuger filed his motion to withdraw indicating in the certificate of service that the motion was provided to Mr. Ragusa.  The undersigned granted Mr. Krueger's motion to withdraw and ordered Mr. Ragusa to file a status report indicating whether he would be retaining a new attorney or filing an expert report.  Order, filed May 11, 2016.

Over the next several months, Mr. Ragusa filed status reports stating that an attorney had not been retained.  The case did not progress.  On January 12, 2017, the undersigned ordered Mr. Ragusa to obtain a report from an expert presenting the opinion that the influenza vaccine caused him to suffer transverse myelitis.  Mr. Ragusa filed the report of Dr. Herman Dick on April 4, 2017.  Exhibit 20.  This report stated that the painful urination was not a manifestation of transverse myelitis, but due to a prostate infection.  Dr. Dick also stated that the transverse myelitis could have been caused by the November 23, 2010 upper respiratory infection or November 30, 2010 flu vaccination.  Id.

A status conference was held to discuss Dr. Dick's report.  The respondent maintained his position that Mr. Ragusa's petition is time-barred and that Dr. Dick did not present a medical theory linking the flu vaccine to transverse myelitis.  The respondent proposed filing a motion to dismiss based on the statute of limitations.  Mr. Ragusa was urged to seek counsel and timely respond to the respondent's motion.  Order, filed May 4, 2017.

The respondent filed his second motion to dismiss on June 5, 2017, arguing that the case was filed after the expiration of the statute of limitations.  Citing the undersigned's Findings of Facts, the respondent stated that Mr. Ragusa filed his petition outside of the time allotted by the Vaccine Act.  The respondent further stated that Dr. Dick's report was insufficient to satisfy Mr. Ragusa's burden under Althen as it did not present a theory linking the flu vaccine to Mr. Ragusa's injury.  Resp't's Mot. to Dismiss, filed June 5, 2017, at 7-8.

Mr. Ragusa did not file a response making the matter ripe for adjudication.

3

## II. Legal Standard

Pursuant to 42 U.S.C. § 300aa-16(a)(2), the Vaccine Act provides that "no petition may be filed for compensation…after the expiration of thirty-six months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury." The Federal Circuit has held that there is no explicit or implied discovery rule under the Vaccine Act. Cloer v. Sec'y of Health & Human Servs., 654 F.3d 1322, 1338-40 (Fed. Cir. 2011) (en banc). The date of the occurrence of the first symptom or manifestation of onset "does not depend on when a petitioner knew or reasonably should have known anything adverse about [his] condition." Id. at 1339.

## III. Analysis

Mr. Ragusa alleged that the flu vaccine caused him to suffer transverse myelitis. Mr. Ragusa received the flu vaccination on November 30, 2010. Exhibit 2.

Mr. Ragusa's numbness began around January 8, 2011. Ragusa, 2015 WL 6150880, at *2-3. Dr. Dick's report states that the numbness, weakness, and pain in Mr. Ragusa's lower extremities as reported on January 22, 2011 were manifestations of his transverse myelitis. Exhibit 20.

Mr. Ragusa filed his petition on January 15, 2014. January 15, 2014 is more than 36 months after January 8, 2011. Therefore the petition was filed out of time. In addition, Mr. Ragusa has not presented any argument regarding equitable tolling.

## IV. Conclusion

It is clear from the record in this case that that there is no applicable exception to the statute of limitations. **Thus, this claim is DISMISSED on the ground that it is barred pursuant to section 300 aa-16(a)(2) of the Vaccine Act. The Clerk shall enter judgment accordingly**.

**IT IS SO ORDERED**.

_____
Christian J. Moran
Special Master